UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN A. HAMILTON,

                           Petitioner,

   v.

                                                  06-CR-179

UNITED STATES OF AMERICA,

                           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        On May 25, 2006, Petitioner, John A. Hamilton, pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Petitioner now moves pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence of 84 months issued on November 15, 2006. Petitioner first argues that, because his counsel failed to seek suppression of a statement Petitioner made to the Federal Bureau of Investigation before his arrest and that was considered at sentencing, he did not receive the effective assistance of counsel guaranteed to him by the Sixth Amendment when he pled guilty to the charge of possession of child pornography. Second, Petitioner contends that the government engaged in sentence manipulation by waiting to arrest him until after a new guideline amendment was enacted, resulting in an increase in his sentence. Finally, Petitioner seeks a lesser sentence due to the hardships his family has had to, and will continue to, endure, his willingness to accept responsibility, and his efforts of rehabilitation.

In the plea agreement, Petitioner waived the right to appeal or collaterally attack any sentence under 120 months. Because Petitioner was sentenced to only 84 months imprisonment, absent some exception, he has waived the right to file this petition. See Frederick v. Warden, Lewisburg Correctional Facility, 308 F.3d 192, 195 (2d Cir. 2002) ("There is no general bar to a waiver of collateral attack rights in a plea agreement."). Waivers are upheld provided they are given knowingly, voluntarily and competently. See United States v. Liriano-Blanco, — F.3d —, —, 2007 WL 4302708, at *4 (2d Cir. 2007); Frederick, 308 F.3d at 195 ("a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement."). Thus, a waiver will not be enforced where there is an allegation of ineffective assistance of counsel in connection with negotiating or entering of the plea or waiver. Frederick, 308 F.3d at 195-96; United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001). Whether the waiver is enforceable "turns on 'whether the ineffective assistance tainted the voluntariness of the plea or the waiver agreement itself.'" U.S. v. Cockerham, 237 F.3d 1179, 1184 (10th Cir. 2001) (quoting U.S. v. Vasquez, 194 F.3d 1321 (10th Cir. 1999); see Hernandez, 242 F.3d at 113-14 ("We have suggested that a plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel."); Jones v. U.S., 167 F.3d 1142, 1144-45 (7th Cir. 1999); U.S. v. White, 307 F.3d 336, 343-44 (5th Cir. 2002); Davila v. U.S., 258 F.3d 448, 450-52 (6th Cir. 2001). Thus, "claims of ineffective representation concerning sentencing generally do not survive the § 2255 waiver," Cockerham, 237 F.3d at 1184, "because

. . . [they] relate[] only to the performance of defendant's attorney with respect to sentencing and [do] not go to the validity of the plea agreement itself." Cokerham, 237 F.3d at 1185 (citing Mason v. United States, 211 F.3d 1065, 1066 (7th Cir. 2000)).

In this case, Petitioner argues that his statement to the F.B.I. was improperly contained in his Pre-Sentence Report and that his counsel should have challenged its consideration at the sentencing hearing. This is not relevant to whether Petitioner knowingly, voluntarily, and competently entered into the plea agreement.[1] Petitioner makes no claim that he involuntarily or unknowingly entered into the plea agreement. In fact, the records of both the plea colloquy and the sentencing hearing clearly demonstrate otherwise. Therefore, the waiver is enforceable and Petitioner's claim in this regard is precluded.

In any event, Petitioner fails to show that consideration of his statement to the F.B.I. had any negative impact on the sentencing, much less resulted in an increase in the sentence. Petitioner received a substantial benefit from his guilty plea and received a sentence that was significantly less than the recommended guideline range.

This argument also must fail because Plaintiff has failed to demonstrate the ineffective assistance of counsel. It was not unreasonable for counsel not to seek to suppress the use of this statement. Judges are afforded significant discretion in determining what types of information and sources of information will be considered at sentencing. U.S. v. Martinez, 413 F.3d 239, 242-43 (2d Cir. 2005) (citing Witte v.

---

[1] Indeed, in his petition, Petitioner specifically reaffirms his guilt and acceptance of responsibility for his actions.

U.S., 515 U.S. 389, 398 (1995) ("[a]s a general proposition, a sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he [or she] may consider, or the source from which it may come." (citations and internal quotation marks omitted)).  Further, Petitioner fails to set forth facts demonstrating how, or why, the statement to the F.B.I. was obtained in violation of his constitutionally protected rights.  Without such facts it cannot be concluded that counsel acted unreasonably in failing to seek the preclude consideration of the statement.

Petitioner's next contends that the Government engaged in sentence manipulation.  The basis of this argument is that the government delayed arresting Petitioner until the applicable sentencing guideline range was increased.  This argument must be rejected for several reasons.  First, the sentencing guidelines are only recommendations.  They are not binding on the court.  Second, as Petitioner's actual sentence demonstrates, he was sentenced well below the applicable guideline range.  Third, by accepting and entering into the plea agreement, Petitioner was aware of the circumstances of his plea and the potential sentence and he voluntarily waived his right to raise this issue.

Fourth, the Second Circuit has recognized that sentence manipulation must involve "outrageous government conduct."  U.S. v. Gomez, 103 F.3d 249, 256 (2d Cir. 1997).  In this case, government agents first discovered Petitioner's activities on October 5, 2004, only one month prior to the adoption of the new guidelines on November 1, 2004.  The government's second interaction with Petitioner came in December 2004.  The search warrant was not executed until March 28, 2005.  There

is nothing in the record suggesting that the government delayed its investigation for the purpose of waiting for the adoption of the new guidelines. A finding of a lack of such outrageous conduct is supported by the fact that, through the plea agreement, the government agreed to drop the distribution charge against Petitioner that would have exposed Petitioner to a higher maximum sentence, a mandatory minimum sentence, and a greater actual sentence.

Lastly, Petitioner requests the Court to consider his extraordinary family circumstances and his willingness to accept responsibility and rehabilitate. These are not grounds for *habeas* relief. In any event, the Court considered these factors in imposing the sentence that it did. (Sentencing Record, at 6). The Court considered Petitioner's family circumstances and commended his efforts in rehabilitating himself and accepting responsibility. In light of these circumstances, the Court issued a sentence well below the statutory maximum and well below the recommended guideline range.

For the foregoing reasons, the petition is **DENIED**.

IT IS SO ORDERED.

Dated: January 18, 2008

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge